Ex parte WONG SANG.

Ex parte WONG DEN.

(District Court, D. Massachusetts. November 9, 1905.)

Nos. 1,743, 1,744.

ALIENS—CHINESE EXCLUSION—CONCLUSIVENESS OF DECISION.

The decision of the appropriate immigration officers denying Chinese persons entry into the United States, which right was claimed on the ground that they were minors, and their fathers, respectively, were lawful residents of the United States, if not appealed from and no abuse of discretion is shown, is conclusive, and cannot be reviewed by the courts.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Aliens, §§ 95, 103.

Citizenship of the Chinese, see notes to Gee Fook Sing v. United States, 1 C. C. A. 212; Lee Sing Far v. United States, 35 C. C. A. 332.]

Habeas Corpus.

Harvey H. Pratt, for petitioners.

William H. Garland, Asst. U. S. Atty., for Richard H. Farley.

DODGE, District Judge. Richard H. Farley, who has been summoned to show cause why writs of habeas corpus should not issue as prayed for in these petitions, admits that Wong Goon Ark and Wong Ten Hong, referred to in the petitions, are in his custody as the representative of the steamship which brought them from Liverpool to Boston, and justifies his detention of them by the order of the United States

immigration officers at the port of Boston, which is more fully referred to below. They are detained under said order for the purpose of sending them back to the port from whence they came.

At the hearing upon the order to show cause it was admitted on the respondent's behalf that the petitioners, Wong Sang and Wong Den, are Chinese persons, both of them merchants, within the meaning of the Chinese exclusion acts, and both lawfully resident in Boston.

It was also agreed by the petitioners and the respondent, Farley, that Wong Ten Hong and Wong Goon Ark, the Chinese persons named in. said petitions and therein alleged to be the sons of said petitioners, respectively, each born in the village of Kai Sing Lee in the province of Hoi Ping, arrived at the Port of Boston, from Liverpool, Eng., on the steamer Cymric, on the 8th day of October, 1905; that on said 8th day of October, and on the 9th day of October, both 1905, the said Wong Ten Hong and Wong Goon Ark were given a hearing by the proper immigration officer for said Port of Boston, touching their right to be allowed to land in the United States; that on the 12th day of October, 1905, both said persons were refused landing, and at the same time the said Wong · Ten Hong and Wong Goon Ark were notified, informed, and instructed that they had a right within two days from the date of the order of said immigration officer, namely within two days from said 12th day of October, to appeal to the Secretary of Commerce and Labor at Washington; that an appeal was so taken by each of them, the said Wong Ten Hong and Wong Goon Ark, they being each represented by counsel, who subsequently, on the 26th day of October, 1905, withdrew said appeals and each of them, by the authority of them, the said Wong Ten Hong and Wong Goon Ark; also that in all the matters and things touching the applications of said Wong Ten Hong and Wong Goon Ark to land in the United States the said immigration officers for said Port of Boston acted in all respects according to the rules of the Department regulating the Chinese inspection service; that there was no abuse of the authority vested in and exercised by them; and that said Wong Ten Hong and Wong Goon Ark were advised by said immigration officers fully of their several rights in the premises.

Upon evidence introduced by the respondent I find that the decision of the immigration officer, made on October 12th, as above stated, was made upon the ground that the claim of Wong Ten Hong and Wong Goon Ark that they were the sons of the respective petitioners was held by said officer not sustained by the evidence before him. It was objected by the petitioners that evidence to show the ground upon which the above decision was made was inadmissible, but I admitted the evidence against and subject to said objection.

The petitioners offered to prove that Wong Goon Ark and Wong Ten Hong were the sons of Wong Sang and Wong Den, respectively, and each less than 21 years of age. The petitioners contended that if the court should find that said Wong Goon Ark and Wong Ten Hong were the sons of said petitioners as alleged, and under 21 years of age, then their detention was unlawful, because the petitioners, their fathers, were entitled, as lawful residents within the United States, to the care, custody, and control, and to the company, society, and services of the sons,

and the sons themselves also entitled to the care and support of the petitioners, in the place of the petitioners' residence.

The respondent objected to the admission of the evidence offered, contending that the decision of the immigration officers conclusively established the legality of the detention of the persons named in the petition, upon the facts above stated. This objection I sustained, and declined to hear said evidence.

If the question of admitting or excluding the persons named in the petition turned upon the question whether they were the petitioners' sons, as alleged, or not, that question was one to be decided by the immigration officers. The petitioners themselves are aliens, though lawfully resident in the United States. Wong Goon Ark and Wong Ten Hong, whom they allege to be their sons, are in any event alien immigrants, born in China, of Chinese parents, and to be excluded or admitted into this country, according to the provisions of the laws of the United States regulating the exclusion or admission of such alien immigrants. The decision of the appropriate immigration officers has been adverse to their admission, and, under Act of Aug. 18, 1894, c. 301, 28 Stat. 390 [U. S. Comp. St. 1901, p. 1303], the decision is final, unless reversed on appeal. Even if their claim to admission had been based upon an allegation of citizenship, there could have been no resort to the courts until after an appeal to the Secretary of Commerce and Labor (United States v. Sing Tuck, 194 U. S. 161, 24 Sup. Ct. 621, 48 L. Ed. 917) ; and the Secretary's decision upon the question of citizenship, no abuse of discretion on the part of any of the lawfully designated immigration officers being shown, would have been final and conclusive (United States v. Ju Toy, 198 U. S. 253, 25 Sup. Ct. 644, 49 L. Ed. 1040). No abuse of discretion is claimed in these cases, and the appeals from the decision of the properly designated immigration officers at Boston have been deliberately and advisedly abandoned. The decision of those officers, therefore, is final and conclusive. The court has no right to disregard it or to overrule it, and cannot now try the question whether or not the persons detained are the petitioners' sons. Proof of that fact, if now made, would not, in my opinion, warrant the issuing of the writ as prayed for. The petitions are denied.